No. 24,006.

## N. C. GRAY, *Appellee*, v. W. M. HEDGE, *Appellant*.

### SYLLABUS BY THE COURT.

PROMISSORY NOTE — *Findings in Favor of Plaintiff — Findings Not Disturbed.* Where the questions were whether a promissory note had been signed by a party as principal or surety and whether the note had been satisfied, and the trial court, on conflicting evidence, found for the plaintiff, such finding will not be disturbed.

Appeal from Jackson district court. MARTIN A. BENDER, judge. Opinion filed November 10, 1923. Affirmed.

*E. R. Sloan,* of Holton, *Guy L. Hursh,* and *Walter T. Chaney,* both of Topeka, for the appellant.

*E. D. Woodburn,* of Holton, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by the payee to recover on a promissory note. The note was dated October 3, 1915, for $1,000, due one year after date, and signed by P. A. Hilderbran, D. P. Gray and W. M. Hedge. The judgment was for plaintiff against the defendant, Hedge, who appeals.

It was the contention of the defendant, Hedge, that he signed the note as a surety only; that he received no consideration, and that the note had been satisfied.

The testimony showed that Hildebran, Gray and Hedge had been engaged for a considerable number of years in a partnership arrangement under and by virtue of which they had purchased and handled certain lands. The business was conducted under the name of Hildebran, Gray & Company. Hedge denied that he was interested in the alleged partnership. The note in issue had been given as a renewal of a previous note for $700, together with interest. On cross-examination the defendant stated that he wrote a letter to the

plaintiff suggesting that she write D. P. Gray and Hildebran and insist that they pay their share of the $1000; that he (Hedge) knew he would have to pay his one-third; that he had agreed to pay it when he signed the note. He also testified, concerning the land, that Hildebran and Gray had made him a deed for the 649 acres, which he still held; that he did not pay them anything in money for it; that he would hold the land and sell it at a time when proper and divide the profits. With reference to the consideration for the original note of $700 D. P. Gray testified that it was borrowed from the plaintiff by Hildebran, Hedge and himself for the benefit of the three. The defendant claims that the note had been satisfied by the assignment to the plaintiff of a certain interest in an $8,000 note secured by a mortgage on Oklahoma land; that action had been filed to foreclose such mortgage, which had been followed by a compromise or settlement. The evidence, however, disclosed that the assignment of the $8,000 note to the plaintiff had been made to satisfy certain obligations of D. P. Gray other than partnership obligations of Hildebran, Gray and Hedge.

While the testimony in material parts was conflicting, it was ample in every respect to support the judgment of the trial court. We discern no reversible error.

The judgment is affirmed.